IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDREA L. WILLIAMS**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:16cv278 |
| | ) | **Electronic Filing** |
| **WILKINSBURG SCHOOL DISTRICT**, | ) | |
| **EDWARD J. DONOVAN**, **LATONYA** | ) | |
| **WASHINGTON**, **DEBRA** | ) | |
| **RAUBENSTRAUCH**, **MICHAEL** | ) | |
| **JOHNSON**, **KLARA K. BROWN**, | ) | |
| **KAREN E. PAYNE**, and **CHERYL** | ) | |
| **DENISE PIERCE**, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM
## AND ORDER OF COURT

Andrea L. Williams ("plaintiff") commenced this proceeding by filing a motion to proceed in forma pauperis and attaching to it a "complaint" seeking to establish claims for "age discrimination under the Age in Employment Discrimination Act and harassment, sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964. See Complaint (Doc. No. 1-1) at 5, Basis for Federal Question Jurisdiction.

Plaintiff alleges she "had a contract with the company that was in effect for 2 additional years. With a total of $140,000 for the 2 years." Id. at 6, ¶ 3 - Amount in Controversy. Plaintiff further avers:

> I was the H. R. Dir. For this school district and was targeted by the school board president and other school board members and was harassed, caused to work under toxic environment and terminated.

Id. at 6, sec. III – Statement of Claim. Plaintiff requests $140,000 for termination of contract and $70,000 for each form of illegal conduct: age discrimination, harassment, sex discrimination and retaliation for a total of $4420,000. The "complaint" does not contain any additional averments or information.

Plaintiff also submitted a "Notice of Right to Sue" issued by the United States Equal Employment Opportunity Commission. Notice of Right to Sue (Doc. No. 2). It indicates that plaintiff has submitted a charge under the Age Discrimination in Employment Act and is authorized to file suit no later that 90 days from June 6, 2016. Id. The form does not contain any information suggesting plaintiff filed a charge under Title VII and is silent as to the ability to sue under that statute.

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis. First, the court must determine whether the litigant is indigent within the meaning of 28 U.S.C. § 1915(a). Second, the court must determine whether the complaint is frivolous or malicious under 28 U.S.C. § 1915(d).[2] Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). The court finds plaintiff to be without sufficient funds to pay the required filing fee. Thus, she will be granted leave to proceed in forma pauperis.

In Neitzke v. Williams, 490 U.S. 319 (1989), the Supreme Court identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions which clearly are baseless. Id. at 327. An example of the first is where a defendant enjoys immunity from suit, and an example of the second is a claim

---

[2]This provision is now codified at §1915(e)(2)(B)(i).

describing a factual scenario which is fanciful or delusional. Id. In addition, Congress has expanded the scope of § 1915 to require that the court be satisfied that the complaint states a claim upon which relief can be granted before it directs service; if it does not, the action shall be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

A review of plaintiff's "complaint" reveals that it fails to state a claim upon which relief can be granted. The United States Court of Appeals for the Third Circuit has reiterated on a number of occasions that the following three step process is applicable in reviewing the adequacy of pleadings of this nature:

> First, [the court] must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675, 129 S. Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679, 129 S. Ct. 1937. See also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679, 129 S. Ct. 1937.

Connelly v. Lane Construction Corp., 809 F.3d 780, 786 (3d Cir. 2016). The inquiry is context specific and plaintiff need not meet the evidentiary burdens of proof at this stage. It is enough for a plaintiff to set forth factual matters that raise a reasonable expectation that discovery will reveal evidence to meet the elements necessary for recovery. Id. at 788-89.

In undertaking this review a distinction is to be drawn "between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if 'unrealistic or nonsensical,' 'chimerical,' or 'extravagantly fanciful.'" Id. (citing Iqbal, 556 U.S. at 681). In other words, outlandish allegations of historical fact are entitled to "a presumption of truth except to the extent they resembled a 'formulaic recitation of the elements of a . . . claim' or other legal conclusion." Id. at 790.

Application of the above principles results in the lack of any factual basis for any of the identified claims. First, there is no basis to infer or assume that plaintiff ever presented a Title VII charge to the EEOC. Before filing a claim under Title VII, "a plaintiff must exhaust her administrative remedies by filing a timely discrimination charge with the EEOC." Twillie v. Erie Sch. Dist., 575 F. App'x 28, 30–31 (3d Cir. 2014). "The ensuing suit is limited to claims that are within the scope of the initial administrative charge." Id. (citing Antol v. Perry, 82 F.3d 1291, 1295–96 (3d Cir.1996)). "[O]nly those acts alleged that are 'fairly within the scope of the prior administrative complaint, or the investigation arising therefrom' are considered to have been exhausted." Spindler v. Se. Pennsylvania Transp. Auth., 47 F. App'x 92, 94 (3d Cir. 2002) ((quoting Antol, 82 F.3d at 1295 (quoting Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir.1984) (*per curiam*))). In other words, "the 'parameters of a civil action in the District Court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination, including new acts which occurred during the pendency of proceedings before the Commission.'" Anjelino v. New York Times, Co., 200 F.3d 73, 94 (3d Cir. 1999) (quoting Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-99 (3d Cir. 1976)).

Here, the record is devoid of any ground for establishing exhaustion of plaintiff's purported Title VII claims. Thus, no further analysis can be under taken and plaintiff may not proceed on the harassment, discrimination and retaliation claims under Title VII.

Any claim under the ADEA suffers from similar shortcomings. Plaintiff's "complaint" contains only bald legal conclusions. When reduced to the "well-pleaded facts," plaintiff has

4

failed to advance any allegation that will support a claim of age discrimination. Thus, no further analysis of this claim can be undertaken and plaintiff may not proceed on this claim.[1]

It follows that the complaint fails to state a claim upon which relief can be granted. Accordingly, the following order is appropriate.

## **ORDER**

AND NOW, this 26th day of February, 2019, for the reasons set forth in the memorandum above, IT IS ORDERED that [1] plaintiff's motion to proceed in forma pauperis be, and the same hereby is, **GRANTED.** The Clerk of Court shall file [1-1] plaintiff's Complaint; and,

IT IS FURTHER ORDERED that plaintiff's "complaint" be, and the same hereby is, **DISMISSED** for failure to state a claim.

 s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:   Andrea L. Williams
120 Highland Road
Pittsburgh, PA 15234

(*Via First Class Mail*)

---

[1] As a general matter, a plaintiff is to be granted leave to amend a claim that has been dismissed when an amendment might be able to cure the deficiencies resulting in the dismissal. Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). This principle does not apply, however, where the record indicates any attempt to do so would be inequitable or futile. Id. at 236 (citing Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002)).

Here, the complaint so lacks a factual foundation that it cannot be assumed that an amendment might cure the deficiencies resulting in dismissal. Consequently, the case will be dismissed. To the extent plaintiff believes this disposition is in error, then she can file a motion for leave to amend at the above-captioned civil action within 10 business days from the entry of this order and attach to it a proposed amended complaint setting forth sufficient facts to meet the pleading standards governing her claim(s). Any such motion will be given due consideration at that juncture.